UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PASCALE FELIX,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, CAREER EDUCATION CENTER, JOAN M. INDART, in her official capacity as Principal of CAREER EDUCATION CENTER, and CHRISTINE DOOLEY in her official capacity as Assistant Principal of CAREER EDUCATION CENTER,

Defendants.

INDEX NO.
CAL. NO.

CV 06 3982

**COMPLAINT AND JURY DEMAND**

AZRACK, J.
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 17 2006 ★
BROOKLYN OFFICE

## I. NATURE OF CLAIM

1. Plaintiff brings this action for race, color, ethnicity and gender discrimination with respect to harassment, hostile work environment, termination and other terms and conditions of employment, and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 29 C.F.R. Part 1604, 42 U.S.C. §1981, the New York State Human Rights Law, Executive Law §290 et. seq., and the New York City Human Rights Law, §8-101 et. seq. of the New York City Administrative Code.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, 1343, and 1367. All jurisdictional requisites and preconditions have been satisfied.

3. Plaintiff invokes the supplemental jurisdiction of this Court to consider claims arising under state law.

4. Venue lies in the Eastern District of New York in that the events giving rise to this action occurred within the Eastern District of New York.

## III. PARTIES

5. Plaintiff PASCALE FELIX resides in the Staten Island, New York. (hereinafter referred to as "FELIX") At all times herein, plaintiff FELIX was employed by defendants NEW YORK

CITY DEPARTMENT OF EDUCATION (hereinafter referred to as "NYCDOE") and CAREER EDUCATION CENTER (hereinafter referred to as "CEC"), as a teacher.

6. Defendant NYCDOE is a duly authorized public authority which does business under the laws of the State of New York, with a principal place of business at 52 Chambers Street, New York, New York, 10007. Defendant NYCDOE is an employer for all purposes under the relevant laws. Defendant NYCDOE has complete authority regarding and decides and effects all business and personnel decisions and actions, including hiring, firing, setting salaries and disciplining, at their business NYCDOE.

7. Defendant CEC, is an educational program which does business under the laws of the State of New York, with a principal place of business at 448 West 56th Street, New York, New York 10019. Defendant CEC is an employer for all purposes under the relevant laws. Defendant CEC has complete authority regarding and decides and effects all business and personnel decisions and actions, including hiring, firing, setting salaries and disciplining, at their business CEC.

8. Defendant JOAN M. INDART at all times herein mentioned was and is the principal of Career Education Center working for defendants NYCDOE and CEC located at 448 West 56th Street, New York, New York 10019. (hereinafter referred to as "INDART")

9. Defendant CHRISTINE DOOLEY at all times herein mentioned was and is the assistant principal of Career Education Center working for defendants NYCDOE and CEC located at 448 West 56th Street, New York, New York 10019. (hereinafter referred to as "DOOLEY")

## IV. STATEMENT OF FACTS

## RACE DISCRIMINATION

10. Plaintiff is an African American female employed by defendants NYCDOE and CEC.

11. She was hired by defendant NYCDOE on or about 1998, and at all times had satisfactory employment record.

12. On or about March of 2005, without just cause, solely due to plaintiff's race, color, and ethnicity, she was improperly and involuntarily excessed from the Staten Island Field Office to the Brooklyn Job Corps Academy.

13. Thereafter, defendants NYCDOE, CEC, INDART and DOOLEY discriminated and continually harassed plaintiff because of her race, color and ethnicity.

GENDER DISCRIMINATION

14. On or about March of 2005, without just cause, solely due to plaintiff's gender, she was improperly and involuntarily excessed from the Staten Island Field Office to the Brooklyn Job Corps Academy.

15. Thereafter, defendants NYCDOE, CEC, INDART and DOOLEY discriminated and continually harassed plaintiff because of her gender.

RETALIATION

16. On or about March of 2005, without just cause, solely due to plaintiff's race, color, ethnicity and gender, she was unfairly, improperly and involuntarily excessed from the Staten Island Field Office to the Brooklyn Job Corps Academy.

17. On or about March 10, 2005, plaintiff filed a Step 1 Grievance as a result of being unfairly, improperly and involuntarily excessed from the Staten Island Field Office to the Brooklyn Job Corps Academy.

18. Thereafter, defendants NYCDOE, CEC, INDART and DOOLEY discriminated and continually harassed plaintiff in retaliation to plaintiff filing a Step 1 Grievance.

FIRST CAUSE OF ACTION

19. The allegations of the preceding paragraphs are repeated here as if fully stated.

20. By their actions, defendants retaliated against and discriminated against plaintiff because of her race, color, ethnicity and gender in violation of Title VII of the Civil Rights Act of 1964.

21. Plaintiff has thereby been damaged in an amount as yet to be determined.

SECOND CAUSE OF ACTION

22. The allegations of the preceding paragraphs are repeated here as if fully stated.

23. By their actions, defendants retaliated against and discriminated against plaintiff because of her race, color, ethnicity and gender in violation of 42 U.S.C. §1981.

24. Plaintiff has thereby been damaged in an amount as yet to be determined.

THIRD CAUSE OF ACTION

25. The allegations of the preceding paragraphs are repeated here as if fully stated.

26. By their actions, defendants retaliated against and discriminated against plaintiff because of her race, color, ethnicity and gender in violation of the New York City Human Rights Law.

27. Plaintiff has thereby been damaged in an amount as yet to be determined.

FOURTH CAUSE OF ACTION

28. The allegations of the preceding paragraphs are repeated here as if fully stated.

29. By their actions, defendants retaliated against and discriminated against plaintiff because of her race, color, ethnicity and gender in violation of the New York State Human Rights Law.

30. Plaintiff has thereby been damaged in an amount as yet to be determined.

FIFTH CAUSE OF ACTION

31. The allegations of the preceding paragraphs are repeated here as if fully stated.

32. By their actions, defendants retaliated against and discriminated against plaintiff because of her gender in violation of 29 C.F.R. Part 1604.

33. Plaintiff has thereby been damaged in an amount as yet to be determined.

WHEREFORE, plaintiff demands judgment against defendants NYCDOE, CEC, INDART and DOOLEY for the following relief:

A. Relief sought for each cause of action contained herein;

B. Punitive damages;

C. Interest, costs, disbursements and attorneys' fees;

D. Such other and further relief as this court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
August 15, 2006

**By: Peter Ronai** (PR3228)
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
199 Main Street
White Plains, New York 10601
(914) 824-4777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PASCALE FELIX,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, CAREER EDUCATION CENTER, JOAN M. INDART, in her official capacity as Principal of CAREER EDUCATION CENTER, and CHRISTINE DOOLEY in her official capacity as Assistant Principal of CAREER EDUCATION CENTER,

Defendants.

---

INDEX NO.
CAL. NO.

**ATTORNEY'S VERIFICATION**

Peter Ronai, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am of the firm of RONAI & RONAI, L.L.P., the attorneys of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because he is not in the County of Westchester, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: White Plains, New York
August 15, 2006

PETER RONAI (PR3228)

Case 1:06-cv-03982-CBA-JMA   Document 1   Filed 08/17/06   Page 7 of 7

Case 1:06-cv-03982-CBA-JMA   Document 1   Filed 08/17/06   Page 7 of 7